**LAWRENCE, A Minor, Plaintiff-Appellant, v. GOYNES, Defendant, SYNOWKA, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3882. Decided March 21, 1957.

Leo Waldman, Youngstown, for plaintiff-appellant.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee, George R. Goynes.

Stephens & Stephens, Youngstown, for defendant-appellee, Joseph Synowka.

## OPINION

By GRIFFITH, J.

It is conceded that in so far as the two defendants are concerned the action was rightfully brought against them in Mahoning County. each having filed answers to plaintiff's petition, which alleged joint and concurrent negligence against defendants.

**436**

Syllabus 2 in the case of **Maloney v. Callahan, 127 Oh St 387**, reads:—
"In such action, a reviewing court is unwarranted in holding that the dismissal from the suit of the resident defendant in and of itself deprives the trial court of jurisdiction over the nonresident defendant, when there is no affirmative showing that such dismissal was on account of non-liability or misjoinder."

Jurisdiction may not be established by agreement of the parties. Once conferred it may not be removed by agreement of the parties. Once jurisdiction is established it remains until the facts warrant the court in determining otherwise.

The settlement of the claim by the plaintiff with the resident defendant does not indicate that the claimant has no valid claim against him; it aoes not indicate that the action was not rightfully brought in Mahoning County.

Judgment reversed and cause remanded for further proceedings.

NICHOLS, PJ, concurs.
PHILLIPS, J, dissents.